UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: JEFFERY W. POTTER,                                  No. 7-05-14071 MS

       Debtor.
_____

YVETTE J. GONZALES,

       Plaintiff,

v.                                                            Adversary No. 07-1084 M

JEFFERY W. POTTER,

       Defendant.

## ORDER ON MOTION FOR SANCTIONS FOR VIOLATING
## AN ORDER OF THE COURT

THIS MATTER is before the Court on Plaintiff's Motion to Strike Papers Filed by Martin Friedlander (Docket Nos. 15, 18 and 19) and for an Order to Show Cause Why Martin Friedlander Should Not be Held in Contempt and be Sanctioned for Violating an Order of this Court ("Motion").[1] The Motion asserts that by filing Docket Nos. 15, 18, and 19, Mr. Friedlander violated this Court's order which denied Mr. Friedlander's motion to appear *pro hac vice* in this adversary proceeding on behalf of Defendant Jeffery Potter. *See* Docket No. 11. At a preliminary hearing on the Motion, held December 18, 2007, the parties agreed that the Court could determine the Motion without a final hearing, and the Court set a briefing schedule for the

---

[1]The Motion contained two separate requests for relief: 1) a request to strike certain papers filed by Martin Friedlander; and 1) a request for an order to show cause why Martin Friedlander should not be held in contempt for violating an order of the Court entered in this Adversary Proceeding. The Court entered orders denying the motions (Docket Nos. 15, 18, and 19) Plaintiff sought to strike. *See* Docket Nos. 26, 27, and 28. Consequently, that portion of the Motion that sought to strike Docket Nos. 15, 18, and 19 was denied as moot. *See* Docket No. 30.

1

parties. *See* Docket No. 38.

Upon review of the Motion and the briefs in support and in opposition thereto[2], the Court finds that the documents filed by Mr. Friedlander that Plaintiff asserts entitles her to an award of sanctions for civil contempt do not technically violate the Court's prior order denying Mr. Friedlander's request to appear *pro hac vice* on behalf of the Defendant. Consequently, the Motion will be denied.

## DISCUSSION

Plaintiff contends that the papers filed by Mr. Friedlander at Docket No. 15, 18, and 19 constitute continued, improper, attempts by Mr. Friedlander to represent Defendant Jeffery Potter in violation of the Court's Order Denying Martin S. Friedlander's Motion to be Admitted Pro Hac Vice in this Chapter 7 Proceeding and All Adversary Proceedings Now Pending in this Court Appended to this Chapter 7 for the Purpose of Representing Jeffery W. Potter, Debtor, Summit Investment Co., LLC, Mariana Danilovic, former Trustee of the California Trust, Martin S. Friedlander as Successor Trustee of the California Trust and All Defendants and Plaintiffs

---

[2]*See* Plaintiff's Reply to Martin Friedlander's Opposition to Trustee's Motion for an Order to Show Cause Why Martin Friedlander Should Not be Held in Contempt and be Sanctioned for Violating an Order of this Court ("Reply" - Docket No. 39); and Amended Plaintiff's Reply to Martin Friedlander's Opposition to Trustee's Motion for an Order to Show Cause why Martin Friedlander Should not be Held in Contempt and be Sanctioned for Violating an Order of this Court ("Amended Reply" - Docket No. 40); and Martin S. Friedlander's Opposition to Trustee's Motion for Order to Show Cause Why Martin S. Friedlander Should not be Held in Contempt of Court ("Opposition" - Docket No. 41). The Opposition includes allegations regarding the Chapter 7 Trustee's actions in the bankruptcy proceeding which are not properly raised in response to the Motion. The Court will not consider those arguments in determining the Motion. Mr. Friedlander also filed an opposing brief in the Debtor's bankruptcy proceeding that addressed a separate motion for contempt, mistakenly believing that the brief he filed in the bankruptcy proceeding was the brief requested by the Court at the preliminary hearing on the Motion.

2

Who Seek My Representation in this Entire Bankruptcy Proceeding ("Order Denying Pro Hac Vice Appearance"). *See* Docket # 11. The Order Denying Pro Hac Vice Appearance specifically prohibits Mr. Friedlander from entering his appearance in *pro hac vice* in this adversary proceeding on behalf of the Debtor-Defendant, Jeffery Potter. *Id.*

Plaintiff requests the Court to sanction Mr. Friedlander for violating the Order Denying Pro Hac Vice Appearance, and requests attorneys' fees in the amount of $742.50, representing 3.3 hours of work in preparing the Mot ion and appearing at the preliminary hearing on the Motion, plus applicable gross receipts taxes. Plaintiff further requests the Court to fine Mr. Friedlander an additional $742.50 to deter future violations of this Court's orders. Mr. Friedlander contends that motions he filed were filed *pro se,* on behalf of himself as a named defendant in the fraudulent conveyance case, and as a secured creditor in the Debtor's bankruptcy proceeding. He further asserts that the motions were not willfully filed in violation of the Court's Order Denying Pro Hac Vice Appearance, and complains that Plaintiff has not put him on sufficient notice of whether she seeks civil or criminal contempt.

Plaintiff's Motion is aimed at the following three motions filed by Mr. Friedlander after the date of the entry of the Order Denying Pro Hac Vice Appearance: 1) Martin S. Friedlander's Motion to Consolidate Various Pending Motions and to Set A Final Hearing on All of These Motions in Mid October Where the Court Can Block Off Sufficient Time to Hear These Motions So That I may Put On My Evidence to Shorten this Procedural Nightmare for Court and Counsel and All Parties Especially the Debtor Who Was Mispresented [sic.] by All Attorneys Except Baker and Friedlander ("Consolidation Motion"); 2) Friedlander's Request for Notice of All Pleadings and Hearings and to be Present by Telephone to Listen to All Telephonic Hearings

3

in Adversaries in which I am Neither a Party or Attorney for a Party ("Request for Notice"); and 3) Friedlander's Motion for Consolidation and Stay Complaints Objecting to Discharge Until Fraudulent Conveyance Action Filed by Bankruptcy Trustee is Finally Determined (Final Judgment after All Appeal Time has Run and the Final Remittitur has Come Down from the Highest Appellate Court ("Motion for Consolidation and Stay").  The Consolidation Motion recites that Martin S. Friedlander, Esq. in his personal capacity as Defendant in the Fraudulent Conveyance Action, as a Secured Creditor, and as a Third Party Creditor Beneficiary of the California Trust, has standing pro se[.]"   The Request for Notice similarly recites that "Martin S. Friedlander, Creditor, defendant and member of the public" is bringing the motion.  Finally, the Motion for Consolidation and Stay recites that "Martin S. Friedlander, an individual defendant in the Case Trustee's fraudulent conveyance action, and a secured creditor herein" is the party bringing the motion.

This Court has the power to enter sanctions for civil contempt based on an attorney or party's violation of a prior court order.  *See* 11 U.S.C. § 105 ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."); *Mountain America Credit Union v. Skinner, (In re Skinner),* 917 F.2d 444, 447 (10th Cir. 1990) (concluding that bankruptcy courts have statutory authority to issue orders for civil contempt based on 11 U.S.C. § 105).  Civil contempt sanctions may be either coercive or remedial.  *In re Shafer,* 63 B.R. 194, 198 (Bankr.D.Kan. 1986).  Coercive civil contempt sanctions serve to enforce future compliance with court orders.  *Id.*   Remedial civil contempt sanctions compensate the injured party for the losses sustained by the offending party's non-compliance with court orders. *Id.  See also, Utah State Credit Union v. Skinner (In re Skinner),* 90 B.R. 470, 478

4

(D.Utah 1988)(stating that "[t]he primary purpose of a civil contempt sanction is to compensate losses sustained by another's disobedience to a court order and to compel future compliance with court orders."). Whether to impose civil contempt sanctions falls within the Court's discretion. *See In re Armstrong,* 304 B.R. 432, 435 (10th Cir. BAP 2004)("Whether a bankruptcy court properly imposed civil contempt sanctions is reviewed for abuse of discretion.")(citation omitted).

In the actions Plaintiff complains of here, Mr. Friedlander took special care to recite that he was not appearing on behalf of Defendant Jeffery Potter, but on behalf of himself, as Defendant in a pending fraudulent conveyance action and as a creditor in the Debtor's bankruptcy proceeding. But given that Mr. Friedlander is not a party to this adversary proceeding, it is difficult to accept Mr. Friedlander's representations of standing as stated in the motions when it is apparent that the motions attempt to circumvent the spirit of the Order Denying Pro Hac Vice Appearance. Nevertheless, the Court will not impose sanctions against Mr. Friedlander based on his filing of the Consolidation Motion, the Request for Notice and the Motion for Consolidation and Stay. All three motions have been denied, rendering moot Plaintiff's request to strike the motions. And the Request for Notice simply requested that Mr. Friedlander be allowed to attend, but not participate in, any scheduled hearing. For these reasons, sanctions are not warranted at this time. The Court cautions, however, that any further action taken by any party in violation of this Court's orders will result in sanctions for civil contempt against the offending party.

WHEREFORE, IT IS HEREBY ORDERED that the Motion is DENIED.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

Date entered on docket: April 16, 2008

COPY TO:

George Dave Giddens
Attorney for Plaintiff
10400 Academy NE, Suite 350
Albuquerque, NM 87111

Martin Friedlander
10350 Wilshire Blvd., #603
Los Angeles, CA 90024

Jeffery W. Potter
PO Box 8280
Santa Fe, NM 87504